**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| Ralph McCoig,  )<br>      *Plaintiff,*  )<br>  )<br>v.  )<br>  )<br>The City of Rockledge, Florida, a municipal  )<br>corporation, Bryce Phillips and Rodney Temple,  )<br>individually.  )<br>_____/ | CIVIL DIVISION<br>CASE NO: |

**COMPLAINT**

**COMES NOW** Ralph McCoig, by and through undersigned counsel, and seeks money damages in excess of $30,000.00, exclusive of costs, interest and attorneys' fees and sues The City of Rockledge, Florida, a municipal corporation, Bryce Phillips and Rodney Temple, in their individual capacities, and states:

**JURISDICTIONAL ALLEGATIONS**

1. This is an action in excess of this Court's jurisdictional threshold.

2. Ralph McCoig's claims are made pursuant to Fla. Stat. 768; 42 U.S.C. Section 1983 and Section 1988; 4th Amendment to the Constitution of the United States of America; and Florida Constitution, Article 1, Sections 9 and 12.

3. Ralph McCoig hereby invokes supplemental jurisdiction of the United States District Court to adjudicate state tort claims arising under Florida law pursuant to 28 U.S.C. Section 1367 and further invokes the jurisdiction of the United States District Court pursuant to 28 U.S.C. Sections 1331 and 1343.

**PARTIES**

4. Ralph McCoig [hereinafter, PLAINTIFF] is an adult resident of the State of Florida domiciled in the City of Rockledge, Brevard County, Florida.

5. Defendant, City of Rockledge, Florida, a municipal corporation [hereinafter, CITY] is being sued. In this cause, Defendant, City acted through its agents, employees and servants.

6. Defendant, Bryce Phillips [hereinafter, PHILLIPS] is, or was an adult at the time that the present cause of action arose and is sued herein in his individual capacity.

7. Defendant, Rodney Temple [hereinafter. TEMPLE] is, or was an adult at the time that the present cause of action arose and is sued herein in his individual capacity.

8. All acts and occurrences material to this cause of action were committed in Brevard County, Florida.

## CONDITIONS PRECEDENT

9. All conditions precedent to the prosecution of this action have occurred, or have been performed, excused or waived including presentation of Plaintiff's written notice of intent to present his claims pursuant to Fla. 768.28.

10. Plaintiff also forwarded a written notice of his intent to present the claim pursuant to Fla. Stat. 768 to Florida Department of Financial Services, Division of Risk Management.

## GENERAL ALLEGATIONS

Plaintiff alleges the allegations of paragraph 1-10 as fully set forth in the present general allegations.

11. The above incident began on June 13, 2017, when law enforcement officers from the City of Rockledge were advised by Mr. Rodney Temple that Mr. McCoig discharged a firearm into a vehicle being driven by Mr. Temple. Mr. Temple alleged that Mr. McCoig attempted to shoot him at or near the intersection of a

   public throughfare.  There were no other occupants in Mr. Temple's vehicle at the time of the alleged shooting.

12. There were also no witnesses to the alleged shooting which according to Mr. Temple, occurred during broad daylight at a municipal intersection.  Based solely upon Mr. Temple's allegation the City of Rockledge police conducted a startling felony traffic stop on McCoig at gun point with the threat of overwhelmingly deadly force and detained him in the presence of his minor child.  The arrest was also deliberately conducted in PLAINTIFF'S church parking lot with media present.

13. Mr. McCoig cooperated with the law enforcement officers' investigation of the allegation by providing his custodial oral statement without counsel, consenting to a search of all premises under his control and also facilitating the examination of telephonic and media devices related to his personal and business activities.

14. The City of Rockledge Chief of Police, Joseph LaSata, participated in the custodial interview and interrogation of Mr. McCoig. The lead case investigator, Bryce Phillips conferred with the chief during or concomitant with the interrogation and interview of Mr. McCoig. Thereafter, the City of Rockledge's Chief of Police met with witnesses who provided cursory statements to him during the police department's initial response.  He directed the course of the limited investigation.

15. Moreover, multiple witnesses were interviewed concurrent with, and in conjunction to Mr. McCoig's complete cooperation.  There were no corroborating witness observations or evidence consistent with Mr. Temple's assertions other than minor surface damage to his vehicle door that could have been fabricated in light of Mr. McCoig's and Mr. Temple's acrimonious and litigious history in a civil real estate

        proceeding at the time of the allegation. Alibi witnesses existed and were disclosed to the contrary of Mr. Temple's claims.

16. Notwithstanding the lack of evidence or an articulate justification to continue a criminal investigation, or even probable cause, agents of the Rockledge Police Department arrested Mr. McCoig for Aggravated Assault with a Firearm and Shooting/Throwing a Missile or Other Hard Substance into an Occupied Vehicle.

17. Mr. McCoig's arrest was warrantless and without probable cause. A former City of Rockledge councilman, Mr. McCoig was the subject of local and national media attention because of his arrest. He sustained emotional distress, humiliation, embarrassment, legal expenses and monetary loss caused by the Rockledge Police Department's actions.

18. Mr. McCoig rejected all plea offers and elected to proceed with a jury trial. The Office of the State Attorney entered a *nolle prosse* for the Aggravated Assault on the trial date. Following trial for the remaining Shooting/Throwing a Missile or Other Hard Substance into an Occupied Vehicle criminal charge, Mr. McCoig was fully acquitted.

## COUNT I (ONE)
## FALSE ARREST AGAINST CITY COGNIZABLE UNDER FLORIDA LAW

For MCCOIG's cause of action against CITY, in Count I, PLAINTIFF re-alleges and adopts, as if fully set forth, the allegations contained in Paragraph 1-18, and would further state as follows:

19. On or about June 13, 2017, police agents, while acting in the course and scope of their duties as law enforcement officers employed by CITY, unlawfully seized,

placed into handcuffed custody, arrested and transported PLAINTIFF to the CITY'S temporary detention facility.

20. The CITY'S agents physically deprived PLAINTIFF of his freedom and liberty and restrained his movements by actual physical apprehension upon his seizure and arrest which continued by the agents' actions of delivering PLAINTIFF to CITY'S temporary detention facility for further detention. The detention further continued upon the delivery of PLAINTIFF to the Brevard County Jail.

21. PLAINTIFF did not consent to the aforementioned actions of the CITY'S agent and/or CITY'S other detaining agents and employees including CITY'S additional law enforcement officers on scene. The actions of CITY'S detaining agents and employees were against the will of PLAINTIFF.

22. The aforementioned arrest, seizure and detention of PLAINTIFF, by the CITY'S agents and the CITY'S additional law enforcement officers, other detaining agents and employees was not based upon lawfully issued process of court, a valid warrant for the arrest or seizure of PLAINTIFF nor did the PLAINTIFF consent to his continued detention by the additional law enforcement officers, detaining agents and employees.

23. As a result of the actions of CITY'S seizing, arresting, detaining agents and employees, for which, CITY is responsible, PLAINTIFF suffered and continues to suffer damages which include: loss of liberty and freedom, physical inconvenience, physical discomfort, mental anguish, emotional suffering, embarrassment, humiliation, injury to his feelings, dignity and reputation, loss of wages, loss of employment, economic loss, diminished future earning capacity, loss of capacity for the enjoyment of life and legal costs and fees.

**WHEREFORE**, PLAINTIFF demands judgment against CITY for compensatory damages, costs of this action and demands a jury trial of all issues triable.

### COUNT II (TWO)
### VIOLATION OF PLAINTIFF, MCCOIG'S 4TH AMENDMENT RIGHTS AGAINST CITY FOR UNREASONABLE SEIZURE AND ARREST COGNIZABLE UNDER 42 U.S.C. § 1983

For MCCOIG's cause of action against Defendant, CITY in Count II, MCCOIG re-alleges and adopts, as if fully set forth, the allegations contained in paragraphs 1-18, and would further state as follows:

24. On June 13, 2017, Defendant CITY'S agents or employees, while acting under the color of law, did knowingly and intentionally seize MCCOIG by conducting a felony traffic stop and ordering him from his motor vehicle at gun point.

25. The CITY'S agents or employees, while acting under the color of law, confined and restricted the liberty and free movement of MCCOIG by taking him into custody without probable cause resulting in his seizure in violation of the 4th Amendment of the U.S. Constitution and 42 U.S.C. §1983.

26. MCCOIG's seizure was the consequence of, and resulted from the CITY'S customs, policies, practices or procedures and was the moving force behind the 4th Amendment constitutional violation.

27. The practice of warrantless and nonconsensual seizure resulting in arrest for criminal offenses without reasonable criminal investigation by CITY, acting through its agents, has occurred on numerous occasions by the City of Rockledge following the same pattern and actions.

28. The existence of this pattern and action by the City of Rockledge's Police Department resulting in warrantless arrests in criminal cases for Aggravated

Assault, Aggravated Battery and similar crimes of violence was known by, or such knowledge is imputed to the agency.

29. Specifically, the City of Rockledge's Police Department's previous warrantless seizure and arrest history preceded the Plaintiff's investigation, seizure and arrests, to wit:

| Case Style | Charges | Case No. |
|---|---|---|
| *State v. Mark Peters* | Felony Battery | 2016-CF-016246 |
| *State v. Willie Gilbert* | Aggravated Assault with a Deadly Weapon<br>Criminal Mischief over $200 and less than $1,000 | 2016-CF-016598 |
| *State v. Elijah Morton* | Aggravated Battery<br>Criminal Mischief | 2016-CF-033790 |
| *State v. Anthony Chambers* | Aggravated Assault with a Deadly Weapon | 2016-CF-040069 |
| *State v. Quantrivious Brown-Lee* | Aggravated Assault with a Deadly Weapon | 2016-CF-039918 |
| *State v. Tovan Malmberg* | Aggravated Battery | 2016-CF-019324 |

30. The above criminal cases were either no filed, resulted in exoneration or the Office of the State Attorney declined or abandoned prosecution. The CITY, by and through its law enforcement agents, has generated additional criminal cases predating the Plaintiff's arrest, which also further substantiate the custom, policy or practice of warrantless and nonconsensual seizures resulting in arrest for crimes without reasonable criminal investigation by CITY.

31. In the alternative, MCCOIG'S warrantless and nonconsensual seizure pertaining to his arrest for criminal offenses, resulted from or were occasioned by, the authorization or acquiescence of an individual or agent from the City of Rockledge with final decision-making authority, and was the moving force behind the 4th Amendment constitutional violation as alleged in paragraph 26 of the foregoing *Complaint*.

32. As a direct and proximate result of the actions of CITY's agents, employees and its decision-making authority in violation of 42 U.S.C. §1983, MCCOIG suffered damages which include physical inconvenience, physical discomfort, mental and emotional suffering, distress and anxiety, embarrassment, loss of reputation or status, loss of enjoyment of life, lost or diminished earnings, and lost profits, economic loss, legal costs and fees.

**WHEREFORE**, MCCOIG demands judgment against the Defendant, CITY, for any and all damages allowable by law, including but not limited to compensatory damages, award of payment of all costs related thereto, reasonable attorney's fees pursuant to 42 U.S.C. §1988, together with any post-judgment interest, any and all equitable relief allowed by law, and further demands trial by jury.

## COUNT III (THREE)
## FALSE ARREST OR IMPRISONMENT CLAIM AGAINST DEFENDANT BRYCE PHILLIPS, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For MCCOIG'S cause of action against PHILLIPS, in Count III, PLAINTIFF re-alleges and adopts, as if fully set forth, the allegations contained in paragraph 1-22 and 24-25, as if fully set forth in this Count and would further state as follows:

33. On or about June 13, 2017, the actions of PHILLIPS, individually, in causing the seizure, physical restriction of liberty and/or arrest of PLAINTIFF were taken without lawful authority. The PLAINTIFF did not consent to PHILLIPS' actions.

34. The conduct of PHILLIPS, individually, towards PLAINTIFF was objectively unreasonable and violated PLAINTIFF'S clearly established rights under the 4th Amendment of the United States Constitution; Florida Constitution, Article 1,

        Section 9 and 12, and 42 U.S.C. § 1983, to be free from seizure and arrest in the absence of probable cause, lawful authority or consent

35. As a direct and proximate result of the acts described herein, PHILLIPS' actions were in violation of 42 U.S.C. §1983.

36. As a further direct and proximate result of the conduct of PHILLIPS, PLAINTIFF suffered: loss of liberty and freedom, physical inconvenience, physical discomfort, mental anguish, emotional suffering, embarrassment, humiliation, injury to his feelings, dignity and reputation, loss of wages, loss of employment, economic loss, diminished future earning capacity, loss of capacity for the enjoyment of life and legal costs and fees. PLAINTIF'S losses are continuing.

      **WHEREFORE**, PLAINTIFF demands judgment for compensatory and exemplary damages, cost of this action together with any post-judgment interests, reasonable attorney's fees pursuant to 42 U.S.C. §1988, trial by jury as to all issues so triable, and other such relief as this Honorable Court may deem just and appropriate.

### COUNT IV (FOUR)
### MALICIOUS PROSECUTION AGAINST RODNEY TEMPLE
### COGNIZABLE UNDER FLORIDA LAW

      For MCCOIG'S cause of action against TEMPLE, in Count IV, PLAINTIFF re-alleges and adopts, as if fully set forth, the allegations contained in paragraph 1-18 as if fully set forth in this Count and would further state as follows:

37. On or about June 13, 2017, PLAINTIFF was arrested for one count of Aggravated Assault with a Firearm and Shooting/Throwing a Missile or Other Hard Substance into an Occupied Vehicle. The arrest was the result of TEMPLE'S false and fabricated statements to the City of Rockledge Police investigators.

38. After PLAINTIFF's arrest, TEMPLE'S actions caused PLAINTIFF'S prosecution to be instituted in the Circuit Court in and for Brevard County, Florida, under Case No. 2017-CF-031528-AXXX-XX.

39. The criminal proceeding was resolved in favor of PLAINTIFF as the Office of the State Attorney *nolle prossed* the Aggravated Assault with a Firearm charge. PLAINTIFF was acquitted of the Shooting and Throwing a Deadly Missile charge on June 29, 2018.

40. The PLAINTIFF'S prosecution was caused by TEMPLE without probable cause. The matters known to TEMPLE before instituting the aforementioned prosecution would not have warranted a reasonable person to believe that the criminal offenses had been committed by PLAINTIFF. In the alternative, the prosecution of PLAINTIFF was instituted by TEMPLE with no reasonable likelihood of success.

41. TEMPLE acted with legal malice in instituting the aforesaid prosecution which is implied by the lack of probable cause, or with express malice as shown by his reckless disregard for the rights of PLAINTIFF, or with personal animosity and hostility towards, or for motives related to PLAINTIFF'S treatment during his arrest. Further, TEMPLE made misstatements of material fact and/or material omissions of material facts in support of the prosecution.

42. No prosecution of PLAINTIFF would have occurred but for the actions of TEMPLE.

43. PLAINTIFF suffered damages as the fact of PLAINTIFF'S prosecution became known to many persons as a result of being made part of the public records of Brevard County and its appearance on court documents available for public scrutiny.

44. As a result of the aforementioned actions PLAINTIFF suffered embarrassment, humiliation, mental anguish, emotional suffering, employment hardship, and physical discomfort, loss wages, economic loss and injury to his dignity and reputation, all of which continue to this day and is likely to continue in the future. He also incurred attorney's fees, associated legal expenses, and incidental monetary costs for his defense and present legal cause.

**WHEREFORE,** PLAINTIFF demands judgment for compensatory damages and costs of this action and demands a jury trial of all issues triable.

By: *s/ Kevin R. Anderson*
KEVIN R. ANDERSON, ESQUIRE
Florida Bar No. 0044857
ANDERSON & WELCH, LLC
500 S. Australian Ave., 6th Floor
West Palm Beach, FL 33401-6237
Telephone:  561-832-3386
Facsimile:   561-820-4867
e-mail: Andewelch@andersonandwelch.com
             kan@andersonandwelch.com
*Attorney for Plaintiff*