UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RALPH MCCOIG,

    Plaintiff,

v.                                                Case No. 6:21-cv-982-RBD-GJK

CITY OF ROCKLEDGE, FLORIDA;
BRYCE PHILLIPS; and RODNEY
TEMPLE,

    Defendants.
_____

## ORDER

Before the Court are:

1. Defendant Bryce Phillips' Motion to Dismiss Complaint (Doc. 15);

2. Defendant City of Rockledge, Florida's Motion to Dismiss Complaint (Doc. 16) (together with Doc. 15, "Motions");

3. Plaintiff's Response in Opposition to Defendant Bryce Phillips' Motion to Dismiss (Doc. 23); and

4. Plaintiff's Response in Opposition to Defendant City of Rockledge's Motion to Dismiss (Doc. 24).

Defendants' Motions are due to be granted.

## BACKGROUND[1]

This case arises out of a dispute between Plaintiff and Defendant Rodney Temple. (Doc. 1.) In 2017, Temple told Defendant City of Rockledge ("City") police Plaintiff shot a gun into Temple's car. (*Id.* ¶ 11.) Plaintiff and Temple had been engaged in unrelated civil litigation before this incident. (*Id.* ¶ 15.) Plaintiff alleges that there was no corroborating evidence other than potentially fabricated damage to Temple's car door. (*Id.*) Based on Temple's report, Plaintiff was arrested in public. (*Id.* ¶¶ 12, 14.) Later, one of the charges was dropped and Plaintiff was acquitted of the other. (*Id.* ¶ 18.) So he sued the City, Temple, and the officer who interrogated him. (*Id.* ¶¶ 19–44.) Defendants move to dismiss. (Docs. 15, 16.) Plaintiff opposes. (Docs. 23, 24.) The matter is ripe.

## STANDARDS

A plaintiff must plead "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). On a motion to dismiss under Rule 12(b)(6), the Court limits its consideration to "the well-pleaded factual allegations." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept the factual allegations as true and construe them

---

[1] These facts are presented in the light most favorable to Plaintiff with factual allegations in the Complaint taken as true. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

2

"in the light most favorable" to the plaintiff. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). But this "tenet . . . is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). So a pleading that offers mere "labels and conclusions" is insufficient. *Twombly*, 550 U.S. at 555.

## ANALYSIS

Defendants argue that Plaintiff's Complaint establishes probable cause for his arrest, barring Counts I–III. (Doc. 15, p. 3; Doc. 16, p. 3.) The Court agrees.

First, Count II brings a § 1983 claim against the City for violating Plaintiff's Fourth Amendment rights. (Doc. 1, ¶¶ 24−32.) But Plaintiff fails to establish that his Fourth Amendment rights were violated because there was probable cause for his arrest.[2] *See Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Probable cause "exists where the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information" are enough to show a reasonable person that an offense has been committed. *Gill ex rel. K.C.R. v. Judd*, 941 F.3d 504, 516 (11th Cir. 2019) (cleaned up). Probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018) (cleaned up). "[A]n officer may rely on a victim's criminal complaint to support probable cause." *Christman v.*

---

[2] For § 1983 liability to attach to a municipality, a plaintiff must first show that his constitutional rights were violated. *See McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

*Holmes*, 448 F. App'x 869, 872 (11th Cir. 2011). This is precisely what Plaintiff alleges the officers did: rely on Temple's accusations regarding the shooting. (Doc. 1, ¶ 12.) And Plaintiff's Complaint acknowledges that Temple's car had some physical damage that could corroborate Temple's account, even if Plaintiff denies inflicting it. (*Id.* ¶ 15.) A victim's account alone has been found to be sufficient to support a probable cause finding absent physical evidence. *See, e.g.*, *Anderson v. City of Groveland*, No. 5:15-cv-26, 2016 WL 881148, at *7–8 (M.D. Fla. Mar. 8, 2016) (collecting cases). It would follow that a victim's statement *plus* corroborating physical evidence establishes a "substantial chance of criminal activity" and thus probable cause. *See Wesby*, 138 S. Ct. at 586.[3] So Count II of Plaintiff's Complaint is due to be dismissed.

Next, Counts I and III asssert false arrest claims under Florida law and 42 U.S.C. § 1983. (Doc. 1, ¶¶ 19–23, 33–36.) But because "probable cause constitutes an absolute bar to both state and § 1983 claims alleging false arrest," Counts I and III are due to be dismissed, as well. *See Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998).

---

[3] Plaintiff alleges that officers should have considered the contentious relationship between Temple and Plaintiff as well as Plaintiff's alibi witnesses. (Doc. 1, ¶ 15.) But "officers are not required to resolve credibility issues in deciding whether probable cause exists." *Arnold Rogers v. City of Orlando*, 660 F. App'x 819, 825 (11th Cir. 2016). And Plaintiff does not provide who they are, what information they provided, and what impact the information would have had on the probable cause finding. (*See* Doc. 1, ¶ 15.) So that allegation is merely conclusory. *See, e.g.*, *Herbig v. Kretzer*, 562 F. App'x 845, 849 (11th Cir. 2014). As such, none of these allegations affect the probable cause finding.

So, Counts I–III are due to be dismissed with prejudice.[4] Further, the Court declines to exercise supplemental jurisdiction over the remaining state law malicious prosecution claim, so it is due to be dismissed without prejudice to allow refiling in state court. *See* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Defendants' Motions (Docs. 15, 16) are **GRANTED**.

2. Counts I–III of the Complaint (Doc. 1, ¶¶ 19–36) are **DISMISSED WITH PREJUDICE**.

3. Count IV of the Complaint (Doc. 1, ¶¶ 37–44) is **DISMISSED WITHOUT PREJUDICE**.

4. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 29, 2021.



ROY B. DALTON JR.
United States District Judge

---

[4] Although the claims are reviewed for the first time, based on the undisputed facts, amendment would be futile. *See Hilderbrandt v. Butts*, 550 F. App'x 697, 699 (11th Cir. 2013).